UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL TARIN GARCIA,<br><br>　　　　Petitioner,<br><br>　v.<br><br>MATTHEW CATE, Secretary,<br><br>　　　　Respondent. | 1:12-cv-00559 MJS HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 1] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, Matthew Cate, as the Secretary of the California Department of Corrections and Rehabilitation, is hereby substituted as the proper named respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. Respondent is represented in this action by Leanne LeMon, Esq., of the Office of the Attorney General for the State of California. Both parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 7, 12.)

///

## I.  PROPER RESPONDENT

The rules governing relief under 28 U.S.C. § 2254 require a person in custody pursuant to the judgment of a state court to name the "'state officer having custody'" of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (quoting Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section 2254). This person typically is the warden of the facility in which the petitioner is incarcerated. See Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction, see id., but the allegations of the petition are to be liberally construed when considering whether the proper respondent has been named, see Belgarde v. Montana, 123 F.3d 1210, 1214 (9th Cir. 1997). The "'state officer having custody'" also may include "'the chief officer in charge of state penal institutions.'" Ortiz-Sandoval, 81 F.3d at 894 (quoting Rule 2(a) advisory committee's note).

Petitioner is presently housed at La Palma Correctional Center in Eloy, Arizona. Without knowing the terms of the agreement under which Petitioner was sent to Arizona, the Court is uncertain who is the proper respondent, but the Secretary of the California Department of Corrections and Rehabilitation, Matthew Cate, should be "the state officer who has custody" of Petitioner. See Rule 2(a) advisory committee's note; Fed. R. Civ. P. 19(a). Accordingly, Matthew Cate is properly named as the respondent in this action, see Ortiz-Sandoval, 81 F.3d at 896. See Sky v. Stolc, 2012 U.S. App. LEXIS 18515 (9th Cir. Aug. 31, 2012); see also Belgarde, 123 F.3d at 1214 (construing pro se habeas petitions with deference).

## II.  BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Merced, upon being found guilty by a jury of assault with force likely to cause bodily injury and a number of sentencing enhancements. (See LD No. 1.[1]) On October 31, 2007, Petitioner was sentenced to serve a determinate term of fifteen years in prison. (Id.)

---

[1] "LD" refers to the documents lodged by Respondent in support of his motion to dismiss.

E. D. California

-2-

Petitioner appealed the judgment. On January 23, 2009, the California Court of Appeal, Fifth Appellate District, affirmed the judgment. (LD No. 2.) The California Supreme Court denied review on April 1, 2009. (LD No. 3-4.)

Starting in March 2010, Petitioner filed two post-conviction collateral challenges with respect to the judgment in the state courts, all petitions for writ of habeas corpus, as follows:

1. Merced County Superior Court
   Filed: March 23, 2010[2];
   Denied: June 24, 2010;

2. California Supreme Court
   Filed: October 4, 2010[3];
   Denied: May 11, 2011;

See LD Nos. 5-8.

On March 28, 2012[4], Petitioner filed the instant federal petition for writ of habeas corpus in this Court. On August 20, 2012, Respondent filed an amended Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). Petitioner did not file an opposition to the motion.

## III.   DISCUSSION

### A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an

---

[2] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases. Although the petition was filed on June 18, 2010, pursuant to the mailbox rule the Court considers the petition filed on March 23, 2010, the date Petitioner signed the petition.

[3] Although the petition was filed on October 18, 2010, under the mailbox rule the Court will consider the petition filed on October 4, 2010, the date Petitioner signed the petition.

[4] Although Petitioner's federal petition was filed on April 2, 2012, under the mailbox rule the Court will consider the petition filed on May 28, 2012, the date Petitioner signed the petition.

answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1).  Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**B.     Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on May 28, 2012, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

>     (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>         (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>         (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is

>   removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, the California Supreme Court denied review on April 1, 2009. The state appeal process became final ninety days later, on June 30, 2009, when the time for seeking certiorari with the United States Supreme Court expired. U.S. Supreme Court rule 13; Bowen v. Rowe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations began to run the following day, on July 1, 2009. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner would have one year from July 1, 2009, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the instant petition until March 29, 2012, over a year and a half after the statute of limitations period expired. Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred by the statute of limitations.

**C.     Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition

1 at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

As stated above, the statute of limitations period began on July 1, 2009. According to the state court records provided by Respondent, Petitioner filed his first petition for collateral relief, in the form of a petition for writ of habeas corpus, on March 23, 2010. (LD 5.) Respondent concedes that Petitioner is entitled to tolling with regard to this petition. However, 265 days of the limitation period passed before the application was filed. Based on such tolling, 100 days of the limitations period remained when the petition was denied on June 24, 2010.

Petitioner next filed a state habeas petition with the Fifth District Court of Appeal on October 4, 2010, which was denied on May 11, 2011. Here, Petitioner delayed 102 days from the denial of his superior court petition to the filing of his habeas petition with the court of appeal. Such a delay is unreasonable, thereby making his petition untimely. See Velasquez v. Kirkland, 639 F.3d 964 (9th Cir. 2011) (eighty and ninety-one day delays in filing are unreasonable under California law and prevent tolling of AEDPA's one year statute of limitations.). Petitioner is not entitled to tolling for the period between filing his petitions. Accordingly, the statute of limitations expired on October 2, 2010. State petitions filed after the expiration of the statute of limitations period shall have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

Accordingly, the limitations period began on July 1, 2009, and expired on October 2, 2010. The present petition was filed on March 28, 2012, over one year and five months after the expiration of the year statute of limitations period. Accordingly, the instant federal petition

is untimely.

### D. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Petitioner has not presented any evidence regarding equitable tolling. Accordingly, Petitioner is not entitled to the benefit of equitable tolling and his petition remains untimely.

## IV. CONCLUSION

As explained above, Petitioner failed to file the instant petition for habeas corpus within the one year limitation period required by 28 U.S.C. § 2244(d).  While Petitioner is entitled to the benefit of statutory tolling, the petition was still not timely filed. Finally, Petitioner is not excused from timely filing due to equitable tolling.  Based on the foregoing, Respondent's motion to dismiss shall be granted.

## V. ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's Motion to Dismiss (Doc. 15) is GRANTED;

2. The Petition for Writ of Habeas Corpus is DISMISSED with prejudice as untimely; and

3. The Court DECLINES to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (in order to obtain a COA, petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling. Slack, 529 U.S. 484. In the present case, jurists of reason would not find debatable whether the petition was properly dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d)(1). Petitioner has not made the required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

Dated:  September 26, 2012         /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE