1

2

3

4

5

6

7

8

9

10  # UNITED STATES DISTRICT COURT

11  ## EASTERN DISTRICT OF CALIFORNIA

12

13  DANIEL TARIN GARCIA,                    )        1:12-cv-00559 MJS HC
                                            )
              Petitioner,                   )
14                                          )
                                            )        ORDER DISMISSING PETITION FOR
       v.                                   )        WRIT OF HABEAS CORPUS
15                                          )
                                            )        [Doc. 1]
16  MATTHEW CATE, Secretary,                )
                                            )
17            Respondent.                   )
    _____)

18

19

20        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

21  pursuant to 28 U.S.C. § 2254. Respondent, Matthew Cate, as the Secretary of the California

22  Department of Corrections and Rehabilitation, is hereby substituted as the proper named

23  respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. Respondent is

24  represented in this action by Leanne LeMon, Esq., of the Office of the Attorney General for

25  the State of California. Both parties have consented to Magistrate Judge jurisdiction under 28

26  U.S.C. § 636(c). (ECF Nos. 7, 12.)

27  ///

28

## I.  **PROPER RESPONDENT**

The rules governing relief under 28 U.S.C. § 2254 require a person in custody pursuant to the judgment of a state court to name the "'state officer having custody'" of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (quoting Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section 2254). This person typically is the warden of the facility in which the petitioner is incarcerated. See Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction, see id., but the allegations of the petition are to be liberally construed when considering whether the proper respondent has been named, see Belgarde v. Montana, 123 F.3d 1210, 1214 (9th Cir. 1997). The "'state officer having custody'" also may include "'the chief officer in charge of state penal institutions.'" Ortiz-Sandoval, 81 F.3d at 894 (quoting Rule 2(a) advisory committee's note).

Petitioner is presently housed at La Palma Correctional Center in Eloy, Arizona. Without knowing the terms of the agreement under which Petitioner was sent to Arizona, the Court is uncertain who is the proper respondent, but the Secretary of the California Department of Corrections and Rehabilitation, Matthew Cate, should be "the state officer who has custody" of Petitioner. See Rule 2(a) advisory committee's note; Fed. R. Civ. P. 19(a). Accordingly, Matthew Cate is properly named as the respondent in this action, see Ortiz-Sandoval, 81 F.3d at 896. See Sky v. Stolc, 2012 U.S. App. LEXIS 18515 (9th Cir. Aug. 31, 2012); see also Belgarde, 123 F.3d at 1214 (construing pro se habeas petitions with deference).

## II.  **BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Merced, upon being found guilty by a jury of assault with force likely to cause bodily injury and a number of sentencing enhancements. (See LD No. 1.[1]) On October 31, 2007, Petitioner was sentenced to serve a determinate term of fifteen years in prison. (Id.)

---

[1] "LD" refers to the documents lodged by Respondent in support of his motion to dismiss.

1    Petitioner appealed the judgment. On January 23, 2009, the California Court of Appeal,

2    Fifth Appellate District, affirmed the judgment. (LD No. 2.) The California Supreme Court

3    denied review on April 1, 2009. (LD No. 3-4.)

4    Starting in March 2010, Petitioner filed two post-conviction collateral challenges with

5    respect to the judgment in the state courts, all petitions for writ of habeas corpus, as follows:

6        1.    Merced County Superior Court
              Filed: March 23, 2010[2];
7              Denied: June 24, 2010;

8        2.    California Supreme Court
              Filed: October 4, 2010[3];
9              Denied: May 11, 2011;

10   See LD Nos. 5-8.

11   On March 28, 2012[4], Petitioner filed the instant federal petition for writ of habeas corpus

12   in this Court. On August 20, 2012, Respondent filed an amended Motion to Dismiss the

13   petition as being filed outside the one-year limitations period prescribed by 28

14   U.S.C. § 2244(d). Petitioner did not file an opposition to the motion.

15   **III.    DISCUSSION**

16       **A.    Procedural Grounds for Motion to Dismiss**

17   Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

18   petition if it "plainly appears from the petition and any attached exhibits that the petitioner is

19   not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254

20   Cases.

21   The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an

22

23   ───────────────────────

        [2]Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison
24   authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988);
     Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases.
25   Although the petition was filed on June 18, 2010, pursuant to the mailbox rule the Court considers the petition filed
     on March 23, 2010, the date Petitioner signed the petition.

26       [3]Although the petition was filed on October 18, 2010, under the mailbox rule the Court will consider the
27   petition filed on October 4, 2010, the date Petitioner signed the petition.

         [4]Although Petitioner's federal petition was filed on April 2, 2012, under the mailbox rule the Court will
28   consider the petition filed on May 28, 2012, the date Petitioner signed the petition.

1    answer if the motion attacks the pleadings for failing to exhaust state remedies or being in

2    violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th

3    Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state

4    remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural

5    grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp.

6    1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss

7    after the court orders a response, and the Court should use Rule 4 standards to review the

8    motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

9          In this case, Respondent's motion to dismiss is based on a violation of the one-year

10   limitations period. 28 U.S.C. § 2244(d)(1).  Because Respondent's motion to dismiss is similar

11   in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state

12   procedural default and Respondent has not yet filed a formal answer, the Court will review

13   Respondent's motion to dismiss pursuant to its authority under Rule 4.

14        **B.      Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

15         On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

16   of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for

17   writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117

18   S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc),

19   cert. denied, 118 S.Ct. 586 (1997).

20         In this case, the petition was filed on May 28, 2012, and therefore, it is subject to the

21   provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners

22   seeking to file a federal petition for writ of  habeas corpus. 28 U.S.C. § 2244(d)(1). As

23   amended, § 2244, subdivision (d) reads:

24         (1)  A 1-year period of limitation shall apply to an application for a writ of
           habeas corpus by a person in custody pursuant to the judgment of a State court.
25         The limitation period shall run from the latest of –

26               (A) the date on which the judgment became final by the conclusion of
           direct review or the expiration of the time for seeking such review;

27
28               (B) the date on which the impediment to filing an application created by
           State action in violation of the Constitution or laws of the United States is

removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, the California Supreme Court denied review on April 1, 2009. The state appeal process became final ninety days later, on June 30, 2009, when the time for seeking certiorari with the United States Supreme Court expired. U.S. Supreme Court rule 13; Bowen v. Rowe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations began to run the following day, on July 1, 2009. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner would have one year from July 1, 2009, absent applicable tolling, in which to file his federal petition for writ of habeas corpus.  However, Petitioner delayed in filing the instant petition until March 29, 2012, over a year and a half after the statute of limitations period expired.  Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred by the statute of limitations.

## C.     Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition

1   at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza,

2   183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year

3   statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-

4   conviction petition was timely or was filed within a reasonable time under state law. Pace v.

5   DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as

6   untimely or determined by the federal courts to have been untimely in state court will not

7   satisfy the requirements for statutory tolling. Id.

8         As stated above, the statute of limitations period began on July 1, 2009. According to

9   the state court records provided by Respondent, Petitioner filed his first petition for collateral

10   relief, in the form of a petition for writ of habeas corpus, on March 23, 2010. (LD 5.)

11   Respondent concedes that Petitioner is entitled to tolling with regard to this petition. However,

12   265 days of the limitation period passed before the application was filed. Based on such

13   tolling, 100 days of the limitations period remained when the petition was denied on June 24,

14   2010.

15         Petitioner next filed a state habeas petition with the Fifth District Court of Appeal on

16   October 4, 2010, which was denied on May 11, 2011. Here, Petitioner delayed 102 days from

17   the denial of his superior court petition to the filing of his habeas petition with the court of

18   appeal. Such a delay is unreasonable, thereby making his  petition untimely. See Velasquez

19   v. Kirkland, 639 F.3d 964 (9th Cir. 2011) (eighty and ninety-one day delays in filing are

20   unreasonable under California law and prevent tolling of AEDPA's one year statute of

21   limitations.). Petitioner is not entitled to tolling for the period between filing his petitions.

22   Accordingly, the statute of limitations expired on October 2, 2010. State petitions filed after the

23   expiration of the statute of limitations period shall have no tolling effect.   Ferguson v.

24   Palmateer, 321 F.3d 820 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of

25   the limitations period that has ended before the state petition was filed.").

26         Accordingly, the limitations period began on July 1, 2009, and expired on October 2,

27   2010. The present petition was filed on March 28, 2012, over one year and five months after

28   the expiration of the year statute of limitations period.  Accordingly, the instant federal petition

1    is untimely.

2         **D.    Equitable Tolling**

3              The limitations period is subject to equitable tolling if the petitioner

4    demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some

5    extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005);

6    see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist.

7    Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing Alvarez-Machain v. United States, 107

8    F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S. 814 (1997). Petitioner bears the burden

9    of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters.,

10   5 F.3d 391, 395 (9th Cir.1993). Petitioner has not presented any evidence regarding equitable

11   tolling. Accordingly, Petitioner is not entitled to the benefit of equitable tolling and his petition

12   remains untimely.

13   **IV.    CONCLUSION**

14         As explained above, Petitioner failed to file the instant petition for habeas corpus within

15   the one year limitation period required by 28 U.S.C. § 2244(d).  While Petitioner is entitled to

16   the benefit of statutory tolling, the petition was still not timely filed. Finally, Petitioner is not

17   excused from timely filing due to equitable tolling.  Based on the foregoing, Respondent's

18   motion to dismiss shall be granted.

19   **V.    ORDER**

20         Accordingly, IT IS HEREBY ORDERED that:

21         1.    Respondent's Motion to Dismiss (Doc. 15) is GRANTED;

22         2.    The Petition for Writ of Habeas Corpus is DISMISSED with prejudice as

23   untimely; and

24         3.    The Court DECLINES to issue a Certificate of Appealability.  28 U.S.C. §

25   2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (in order to obtain a COA, petitioner

26   must show: (1) that jurists of reason would find it debatable whether the petition stated a valid

27   claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable

28

U.S. District Court
E. D. California

-7-

whether the district court was correct in its procedural ruling.  Slack, 529 U.S. 484.  In the present case, jurists of reason would not find debatable whether the petition was properly dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d)(1). Petitioner has not made the required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

Dated:     September 26, 2012          /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE